UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PAUL LEWIS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SOCIAL SECURITY ADMINISTRATION, )<br>)<br>Defendant. ) | 2:09-cv-319-WTL-JMS |

**Entry Discussing Motion to Dismiss**

This is an action brought by Paul Lewis against the Social Security Administration ("SSA") pursuant to the Freedom of Information Act ("FOIA").

Having considered the pleadings, the SSA's motion to dismiss and the materials relating to such motion, and being duly advised, the court finds that the motion to dismiss (dkt 25) must be **granted.**[1] This conclusion is based on the following facts and circumstances:

1.   Lewis is an inmate at the Wabash Valley Correctional Facility, an Indiana prison. He is imprisoned for the crimes of Battery and Intimidation. *See Lewis v. State,* No. 53A04-0609-CR-00511 (Ind.Ct.App. March 19, 2007).

2.   As noted, Lewis brings this action pursuant to the FOIA, 5 U.S.C. § 552. He alleges in his complaint that the SSA failed to release documents responsive to a FOIA request to that agency.

3.   The FOIA provides jurisdiction in the district courts to "enjoin" an agency, subject to the Act, from "withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see also United States Dept. of Justice v. Tax Analysts,* 492 U.S. 136, 145 (1989). As the

---

[1]The SSA has also filed a motion for summary judgment in the alternative. Because the court finds the argument in support of the motion to dismiss to be dispositive, it does not address the alternative argument in support of the motion for summary judgment.

Supreme Court has explained, "[t]he FOIA confers jurisdiction on the district courts to enjoin [a federal] agency from withholding agency records and to order the production of any agency records improperly withheld." *United States Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989). A federal district court will only have jurisdiction in a suit under FOIA when "an agency has (1) improperly (2) withheld (3) agency records." *Id.* (internal quotations omitted)(quoting *Kissinger v. Reporters Comm. for Freedom of Press,* 445 U.S. 136, 150 (1980)).

4. The SSA has appeared in the action and has filed a motion to dismiss. It is argued through that motion that the action is moot. Lewis has replied. The Commissioner's motion to dismiss is filed pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*. On motions raising jurisdictional grounds for dismissal, the court can resolve factual disputes if necessary and appropriate. *See English v. Cowell,* 10 F.3d 434, 437 (7th Cir. 1993); *Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal,* 859 F.2d 1302, 1310 n.11 (7th Cir. 1988); *Crawford v. United States,* 796 F.2d 924, 928-29 (7th Cir. 1986). Where appropriate, factual determinations may be made on documentary submissions. *See Crawford,* 796 F.2d at 929. Any rational mode of inquiry will do. *Id.*

5. Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies." *Allen v. Wright,* 468 U.S. 737, 750 (1984). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990). The effect of postcomplaint changes in the facts or law on the continued existence of a particular controversy are assessed through the lens of mootness. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n. 22 (1997).

6. In this case, the SSA agency responsible for responding to a FOIA request is the Office of Privacy and Disclosure ("OPD"). The OPD received Lewis' FOIA request December 10, 2009. The request is identified as No. AD0815. Lewis' FOIA request consists of the following:

> copies of information "from December 2005 to March or April 2006 when they stop my benefits an when they give them back to me in March or April 2006 when you go to jail they stop you benefits an then you have to go to at office to get you benefits in check's. I need all that information at that time when they stop my check's an when I got my check's give back to me."

On December 14, 2009, the OPD sent Lewis a letter acknowledging receipt of the FOIA request No. AD0815, and on December 17, 2009, responded to FOIA request No. AD0815 by sending to Lewis the responsive documents. In doing so, the OPD waived any fee associated with processing FOIA request No. AD0815 and did not withhold any documents based on an exemption.

7. The OPD received additional letters from Lewis on January 13, 2010, March 19, 2010, and April 10, 2010. The OPD treated these letters as requests for clarification of the earlier FOIA request and responded on April 28, 2010, by sending an additional 19 pages of documents to Lewis. Again, no exemption was claimed to disclosure and no documents were withheld.

      8.    Lewis opposes the disposition based on the SSA's mootness argument, but to no avail.

      a.    Lewis states that documents have been improperly withheld, offering only his bald assertion for support, but the evidentiary record shows otherwise.

      b.    Lewis also argues that there are documents not produced by the SSA, but this is the result of the imprecise language of his FOIA request itself, not the result of the SSA's failure to respond to the request. This is not a point, moreover, at which Lewis can modify his FOIA request by enlarging its terms or scope. *See Gillin v. IRS,* 980 F.2d 819, 823 n.3 (1st Cir. 1992) (ruling that plaintiff cannot expand scope of FOIA request "after the agency has responded and litigation has commenced"); *Kowalczyk v. Dep't of Justice,* 73 F.3d 386, 388-89 (D.C. Cir. 1996) (agency's "reasonable effort to satisfy [s] request does not entail an obligation to search anew based upon a subsequent clarification").

      9.    The consequence of the above is that Lewis' claim has become moot. *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000)("A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")(internal citations omitted). The consequence of this, in turn, is that the action must be dismissed for lack of jurisdiction because a court lacks jurisdiction over a claim which is moot, *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997).

      9.    When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle,* 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/13/2010

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana